# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES P. CASEY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV99-S-133-NE  Doc #3 |
| WEBSIDESTORY (INTERNET SERVICE), | ) | |
| Defendant. | ) | ENTERED FEB 0 8 1999 |
| JAMES P. CASEY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV99-S-134-NE  Doc. #3 |
| USA TODAY, | ) | |
| Defendant. | ) | ENTERED FEB 0 8 1999 |
| JAMES P. CASEY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV99-S-136-NE  Doc #3 |
| CITY OF HUNTSVILLE; TEXACO; STATE OF ALABAMA D/B/A DEPARTMENT OF HUMAN RESOURCES; | ) | |
| Defendants. | ) | ENTERED FEB 0 8 1999 |

## MEMORANDUM OF DECISION

The above styled actions were each filed January 22, 1999. In each action plaintiff *pro se* has presented to the court an "in forma pauperis affidavit" seeking the appointment of an attorney and authority to commence an action without prepayment of fees, costs, or security. The form and content of "affidavit" in each instance is identical, although the last page of each appears to

3.

contain an original signature.

On December 17, 1998, in Civil Action 98-S-2965-NE,[1] the court set forth in detail the requirements that plaintiff must satisfy in order to succeed on the requests, motions, and actions he seeks to pursue. A copy of that order is attached hereto for reference. Once again plaintiff has failed to satisfy those requirements.

The court finds that the "affidavit" presented in each instance is insufficient to allow plaintiff to proceed *in forma pauperis*. The court further finds that the complaints in each action fail to state a claim upon which relief can be granted.

An order in conformity with this memorandum will be entered separately in each of the above styled actions.

DONE this ___8th___ day of February, 1999.

United States District Judge

---

[1] CV98-S-2965-NE was the 15th case filed by Mr. Casey during a period of 4 months.

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 DEC 17 PM 12:42
N.D. OF ALABAMA

JAMES P. CASEY,           )
                          )
    Plaintiff,            )
                          )
vs.                       )   Civil Action No. CV-98-S-2965-NE
                          )
MADISON COUNTY, ALABAMA,  )
                          )          ENTERED
    Defendant.            )
                              DEC 17 1998

## ORDER

Plaintiff commenced this action on November 30, 1998, alleging he suffered intimidation, harassment, and retaliation in violation of 42 U.S.C. §§ 12105, 12132, and 12203. Plaintiff also filed an "In Forma Pauperis Affidavit" (Doc. No. 2) that this court found insufficient to allow plaintiff to proceed *in forma pauperis*. The court denied plaintiff's request to so proceed, and dismissed the action without prejudice, for failure to state a claim upon which relief can be granted. (*See* Order entered December 3, 1998, Doc. No. 3.) Plaintiff, proceeding *pro se*, filed a "Request for a New Judge" on December 10, 1998, which presently is before this court.

### I. BACKGROUND

Plaintiff's history of filings before this court, in this action and in others, leads this court to believe plaintiff may misunderstand the requirements that he must satisfy in order to succeed on the requests, motions, and actions which he has filed.

EXHIBIT TO DOC#3
CV 99 S 133 NE

In fact, plaintiff says he "is not, nor desires to be, a law student." (Doc. No. 4, ¶ 4.) The plaintiff adds that he "does not recognize the Court's refusal to accept [his] financial affidavit based on legal technicalities that are beyond the scope and understanding of a layman." (Id., ¶ 5) Thus, this court will endeavor to make these requirements and obligations more clear for this pro se plaintiff.

### A. "Affidavit," and requirements thereof

An "affidavit"—such as the "In Forma Pauperis Affidavit" that plaintiff has submitted in conjunction with each of his pro se complaints—is a "written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *Black's Law Dictionary* 58 (6th ed. 1990) (emphasis supplied). The term ordinarily refers to "a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Bryan A. Garner, *A Dictionary of Modern Legal Usage* 35 (2d ed. 1995) (emphasis supplied). The authorized officers who most readily provide this service are notaries public. A person who makes such oath or affirmation is called an "affiant."

2

**B.   Attestation**

Plaintiff also misunderstands the "Attestation and Signature" requirements contained in paragraph IV on page four of the In Forma Pauperis Affidavits he has submitted to this court. The verb "attest" means "to signify by subscription of his name that the signer has witnessed the execution[, or signing,] of the particular [written] instrument." *Black's Law Dictionary* 127 (6th ed. 1990). Furthermore, an "attesting witness" is "one who signs his name to [a written] instrument, at the request of the party or parties, for the purpose of proving and identifying it." *Id.* at 128.

**C.   "Witness"**

Moreover, it has become clear that plaintiff misunderstands the purpose for the two lines underneath the word "WITNESS," at the end of the In Forma Pauperis Affidavit. The term "witness" has several denotations, and plaintiff apparently construes it as meaning the names of persons who were personally present, and personally saw or perceived some or all of the events about which plaintiff complains. That is not the sense in which the word is used here, however. When used at the end of instruments (i.e., legally operative documents such as the "In Forma Pauperis Affidavit" that plaintiff has presented in conjunction with each of his filings in this court), the word "witness" means "[t]o

3

subscribe one's name to [the document], for the purpose of <u>attesting</u> its authenticity, and <u>proving</u> its execution," or signing. *Id.* at 1603 (emphasis supplied). In such context, "witness" refers to "a person attesting [the] genuineness of [a] signature to [a] document <u>by adding his signature</u>." *Id.* at 1604 (emphasis supplied). In other words, a witness is "one who, to vouch for the genuineness of a signature, <u>affixes his or her name</u> to an instrument that <u>another [person, such as plaintiff] has signed</u>." Bryan A. Garner, *A Dictionary of Modern Legal Usage* 938 (2d ed. 1995) (emphasis supplied).

## II. DISCUSSION

The court recognizes that plaintiff's "Request for a New Judge" is neither a timely motion for recusal nor a proper one. Nevertheless, the court will entertain the *pro se* plaintiff's request as if it were a motion properly filed pursuant to one of the two statutory bases for such a motion: (1) 28 U.S.C. § 144, and (2) 28 U.S.C. § 445.

A. **28 U.S.C. § 144**

A party may move for the recusal of a judge pursuant to 28 U.S.C. § 144, which reads as follows:

§ 144. **Bias or prejudice of judge**
Whenever a party to any proceeding in a district

4

> court makes and files a timely and <u>sufficient affidavit</u> that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The <u>affidavit</u> shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such <u>affidavit</u> in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

(Emphasis supplied.)

Plaintiff's request does not include an affidavit as the statute requires. Not only is this court powerless to amend the statutory requirement, this requirement serves an essential purpose. An affidavit requires that the affiant guarantee the truth of the information provided, by oath or affirmation, and under penalty of perjury. The affidavit serves to verify, that is affirm by the sanctity of an oath, that the information is correct to the best of the affiant's knowledge.

Therefore, even construing plaintiff's request as a timely and proper motion for recusal under 28 U.S.C. § 144, this court must deny such motion because, among other reasons, plaintiff has not furnished a "sufficient affidavit." See 28 U.S.C. § 144.

5

**B.   28 U.S.C. § 455**

28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Such circumstances arise not because a judge makes decisions adverse to a particular party but, ordinarily, because a judge has a personal interest, financial or otherwise. The statute provides additional explanation, identifying the following circumstances in which a judge shall disqualify himself: "(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;" (2) Where he had some involvement as a lawyer or witness; (3) Where he had some involvement in the matter or in like matters as a government employee; and (4) Where he knows he or a family member has a financial or other significant interest that could be affected substantially by the outcome of the proceeding. See 28 U.S.C. § 455(b).

Although in his request the plaintiff makes accusations suggesting this court harbors some bias against him, the plaintiff essentially complains about the court's dismissal of his actions. The proper remedy for the court's dismissal lies in filing a new complaint that states a cause of action for which relief can be

6

granted,[1] attacking the judgment pursuant to Federal Rule of Civil Procedure 59(e) or 60, or appealing the judgment to the Eleventh Circuit Court of Appeals. The court finds no merit in a motion for recusal brought under 28 U.S.C. § 455 or, as stated above, under 28 U.S.C. § 144.

C. Order of Dismissal

The court denied plaintiff's request to proceed *in forma pauperis*, in part, because of plaintiff's failure to properly complete the "In Forma Pauperis Affidavit." The background section above should help plaintiff realize the flaws in his previous filings and, hopefully, correct those deficiencies if there should be any future filings.

The court dismissed plaintiff's previous claims (without prejudice) because he failed to conform his pleading to the Federal Rules of Civil Procedure, and specifically to Rule 8(a). Rule 8(a) provides, in pertinent part, that "[a] pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief." The court notes plaintiff's pleading did not fully

---

[1] If the court dismisses a claim "without prejudice," the plaintiff may re-file that action with a different, proper pleading. A dismissal "with prejudice" bars the plaintiff from filing any other action against the same defendant and based on the same events.

7

satisfy Rule 11(a) of the Federal Rules of Civil Procedure either.

### III. CONCLUSION

Accordingly, plaintiff's motion is hereby denied. The clerk is directed to close this file.

DONE this the 17th day of December, 1998.

United States District Judge

8